# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HURTADO, individually and on behalf of all others similarly situated<br><br>   Plaintiff,<br>vs.<br>IKEA U.S. WEST, INC.,<br><br>   Defendants. | CASE NO. 11cv2749 WQH (BGS)<br><br>ORDER |

HAYES, Judge:

   The matter before the Court is the Joint Motion to Consolidate Action filed by Plaintiff Hurtado, Plaintiffs Yeoman and Medellin, and Defendant Ikea U.S. West, Inc. (ECF No. 30).

**I.   Background**

   Plaintiff Hurtado, Defendant Ikea U.S. West, Inc. and Plaintiffs Yeoman and Medellin from *Yeoman et al. v. IKEA U.S. West, Inc.,* Case No. 11cv701 WQH (BGS) seek to consolidate this action with *Yeoman*. The parties contend that consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a) because the cases involve common questions of law and fact, "concern substantially the same parties, transaction and events, and the potential for unduly burdensome duplication of labor and expense and conflicting results exists if the cases are separately adjudicated." (ECF No. 30 at 2).

**II.   Discussion**

   Rule 42 states: "If actions before the court involve a common question of law or fact, the court may: ... consolidate the actions...." Fed. R. Civ. P. 42(a)(2). The Court has broad

discretion in determining whether to consolidate actions pending in the same district. *See Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir.1989); *see also Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (quotation omitted). The court should "weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Khalafala v. Miller*, 2011 WL 1815405 at *4 (D. Ariz. Feb. 8, 2011) (citation omitted).

In *Yeoman*, Plaintiffs assert one claim for violation of the Song-Beverly Credit Card Act, Cal. Civ. Code section 1747. Plaintiffs allege that "Ikea systematically and intentionally violates the Credit Card Act by uniformly requesting that cardholders provide personal identification information, including their zip codes, during credit card transactions, and then recording that information in electronic database systems." (*Yeoman*, 11cv701 WQH (BGS) ECF No. 25 at 2). Plaintiffs "bring this action on behalf of themselves and other similarly situated consumers in California from whom Ikea requested and recorded personal identification information as part of a credit card transaction." *Id*.

In *Hurtado*, Plaintiff asserts one claim for violation of the Song-Beverly Credit Card Act, Cal. Civ. Code section 1747. Plaintiff Hurtado alleges that Ikea regularly engages a practice of "demand[ing] that [an individual] provide [their] zip code" when making a purchase with a credit card. (ECF No. 1-1 at 14). Plaintiff Hurtado "brings this class action ... on behalf of herself and ... all persons who made a retail, credit-card purchase from Defendant in California and from whom Defendant requested and recorded private information ...." *Id*.

The Court concludes that consolidation is appropriate. No later than ten days from the date of this order, Plaintiffs may seek leave to file a Second Amended Complaint in *Yeoman et al. v. IKEA U.S. West, Inc.,* Case No. 11cv701 WQH (BGS) to add Plaintiff Hurtado and submit the proposed Second Amended Complaint.

### III.   Conclusion

IT IS HEREBY ORDERED that the Joint Motion to Consolidate Action (ECF No. 30) is GRANTED. No later than ten days from the date of this order, Plaintiffs may seek leave to file a Second Amended Complaint in *Yeoman v. IKEA U.S.A. West, Inc.,* Case No. 11cv701 WQH (BGS) to add Plaintiff Hurtado. Upon filing of the Second Amended Complaint, the

1  Clerk of the Court shall administratively close *Hurtado v. IKEA U.S. West, Inc.,* Case No.
2  11cv2749 WQH (BGS).
3  DATED: March 6, 2012

                                      **WILLIAM Q. HAYES**
                                      United States District Judge